IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **A.W., *by next of friend*, M.L.** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00906-ALM-BD** |
| | § | |
| **LEWISVILLE INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

A.W., by and through her next friend M.L., sued the Frisco Independent School District ("Frisco ISD") for alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. Dkt. 1. She also sued the Lewisville Independent School District ("Lewisville ISD" or "the district") under IDEA. *Id.* A.W. and Frisco ISD settled, *see* Dkts. 2, 4, so only A.W.'s IDEA claim against Lewisville ISD remains pending.

A.W. moved to admit additional evidence in support of that claim. Dkt. 11; *see* Dkt. 12 (response). The motion will be denied.

## BACKGROUND

A.W. alleges that the district denied her a free appropriate public education ("FAPE") by failing to satisfy IDEA's child-find requirement, *see Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 245 (2009) (citing 20 U.S.C. § 1412(a)(3)(A)), and by failing to create an appropriate individualized education plan for her, Dkt. 1 at 3–5. She attended a Lewisville ISD school from the beginning of the 2022–2023 school year through November 2023. *Id.* at 2. According to the complaint, the district was aware that she struggled with emotional, social, and academic deficits and challenges, *id.* at 3, and it knew that she had experienced multiple instances of sexual harassment and assault, *id.* at 3–4. The complaint asserts that the district responded to those incidents carelessly and indifferently and that it allowed her to be continually exposed to her abuser. *Id.*

A.W. filed an administrative complaint in accordance with IDEA, and the Texas Education Agency held a due-process hearing over the course of two days in April 2025. Admin. Rec. of Due-Process Hr'g ("AR") 1617, 1808. A.W. challenges the hearing officer's decision in the district's favor. Dkt. 1 at 7.

**LAW**

IDEA requires state and local education agencies receiving federal funds to establish procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE] by such agencies." 20 U.S.C. § 1415(a). The procedures must afford "[a]n opportunity for any party to present a complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." *Id.* § 1415(b)(6)(A). After a complaint is presented, "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." *Id.* § 1415(f)(1)(A). Any party aggrieved by the outcome of that hearing may sue in state or federal court. *Id.* § 1415(i)(2).

In such an action, the court "shall receive the records of the administrative proceedings"; "shall hear additional evidence at the request of a party"; and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* § 1415(i)(2)(C). Despite the statute's use of the word "shall," courts often limit the additional evidence that a party may submit. *Marc V. v. N.E. ISD*, 455 F. Supp. 2d 577, 587 (W.D. Tex. 2006), *aff'd*, 242 F. App'x 271 (5th Cir. 2007) (per curiam); *see, e.g.*, *Hayden P. v. Frisco ISD*, No. 4:23-CV-00382-SDJ-AGD, 2024 WL 4273585, at *5 (E.D. Tex. Sept. 3, 2024), *report and recommendation adopted*, 2024 WL 4269673 (E.D. Tex. Sept. 23, 2024); *D.A. v. Hou. ISD*, 716 F. Supp. 2d 603, 617 (S.D. Tex. 2009), *aff'd*, 629 F.3d 450 (5th Cir. 2010).

Doing so is proper because controlling precedent gives district courts discretion to determine what qualifies as "additional" evidence. *E.R. v. Spring Branch ISD*, 909 F.3d 754, 763 (5th Cir.

2018) (citing *Town of Burlington v. Dept. of Educ. for the Commonwealth of Mass.*, 736 F.2d 773, 791 (1st Cir. 1984)). For IDEA purposes, "additional" evidence means "supplemental" evidence, *Town of Burlington*, 736 F.2d at 790, and "[t]he general consensus is that IDEA's additional evidence provision is limited." *D.A.*, 716 F. Supp. 2d at 616. Permissible "reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington*, 736 F.2d at 790. The court should, however, exercise its discretion to prevent trial witnesses from "repeat[ing] or embellish[ing] their prior administrative hearing testimony," *E.R.*, 909 F.3d at 763 (quoting *Town of Burlington*, 736 F.2d at 790, and citing *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996)), and to "avoid turning the administrative hearing into a 'mere dress rehearsal' followed by an 'unrestricted trial *de novo*,'" *id.* at 764 (quoting *Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009)). "After all, rendering a decision on the record compiled before the administrative agency is the norm," *id.* (cleaned up). As such, the party seeking to supplement the record has the burden to provide a meritorious basis to admit additional evidence. *J.B. v. Frisco ISD*, 528 F. Supp. 3d 614, 624 (E.D. Tex. 2021).

Evidence that is cumulative, irrelevant, untimely, or merely bolsters existing evidence is not "additional" within the meaning of the statute. *Angela B. v. Dall. ISD*, No. 3:20-CV-0188, 2020 WL 2838994, at *2 (N.D. Tex. June 1, 2020). Neither is "evidence that was available to the requesting party before the administrative hearing." *Id.* (quoting *M.V. v. Conroe ISD*, No. H-18-401, 2018 WL 4564948, at *4 (S.D. Tex. Sept. 24, 2018)). Examples of proper additional evidence include evidence that the hearing officer erroneously excluded and evidence concerning relevant events that occurred after the administrative hearing. *Id.*; *see also Town of Burlington*, 736 F.2d at 790. That additional-evidence standard accords administrative proceedings their due weight. *E.R.*, 909 F.3d at 764.

## DISCUSSION

A.W. asks the court to admit records of two psychiatric hospitalizations in May and October 2025. Dkt. 11 at 2–3. The motion does not attach copies of the records but requests leave to file them under seal. *Id.* at 3.

A.W. argues that, although the court has discretion to admit additional evidence, upon her request, it is required to do so. *Id.* at 1–2. She argues that the hospitalization records provide evidence of the continuing harm resulting from Lewisville ISD's failure to provide her a FAPE. *Id.* at 2. In her view, the records also reflect the pattern of emotional dysregulation and crisis that the district failed to identify. *Id.* at 3. She explains that the records were not introduced at the administrative hearing because they did not exist at the time. *Id.* at 2. A.W. does not provide any additional argument as to why records dated nearly two years after her attendance at Lewisville ISD should be considered now. She does note, however, that similar hospitalization records covering ages 12, 14, 15, and 17 were introduced at the administrative hearing and noted in the hearing officer's decision. *Id.* (referencing AR 13, 940–1033).

The district argues that A.W. seeks to relitigate matters already decided at the administrative stage, patch up holes in her case, and present unexhausted claims to this court. Dkt. 12 at 2. It also argues that A.W. is relying on an outdated standard, *id.* at 2–3, explaining that, under *E.R.*, a plaintiff does not have an unfettered right to introduce new evidence, *id.* at 3 (citing *E.R.*, 909 F.3d at 764).

The district goes on to argue that A.W. failed to meet her burden to offer additional evidence because she has not provided the records at issue. *Id.* at 3–4. It contends that A.W.'s motion should be denied on that basis alone. *Id.* But it also asserts that the 2025 hospitalization records are irrelevant to the question before the court. *Id.* at 4–5. Specifically, it notes that A.W. was enrolled in Lewisville ISD for less than two years—and years before the events described in the proposed exhibits. *Id.* at 4. Further, the district asserts that, because A.W. never received special education and related services while attending a Lewisville ISD school, the only evidence relevant to its alleged liability is what was available at the time A.W. attended a Lewisville ISD school. *Id.*

The district has the better argument. The proposed evidence, all of which was created after the administrative hearing, is irrelevant to whether the district complied with IDEA. That is true regardless of whether A.W.'s claims may, at this stage, be properly based only on the statute's child-find requirement.

If the district is right about that, the proposed evidence comes too late. *See Lisa M. v. Leander ISD*, 924 F.3d 205, 215 (5th Cir. 2019) (explaining that, unlike an inquiry into whether a student's individualized education program is appropriate, the analysis in a case about "eligibility" under IDEA focuses on "a snapshot of the student's condition at the time of the eligibility determination"). And even if A.W.'s claims are not so limited, hospitalization records created years after her attendance at a Lewisville ISD school are still not relevant. A.W. makes no attempt to argue otherwise. She instead asserts that the records reflect continuing harm. Dkt. 11 at 2. But to the extent she argues that those later hospitalizations demonstrate a pattern of crisis, the district points out that A.W. never informed it of her previous hospitalizations. *See* Dkt. 12 at 5 n.12 (citing AR 8).

Contemporaneous hospitalization records may be relevant to a district's IDEA obligations. *See Krawietz v. Galveston ISD*, 900 F.3d 673, 676–77 (5th Cir. 2018). But A.W.'s request does not concern those types of records. Courts often deny requests to supplement the administrative record with evidence created after a student attended the defendant district, especially after the hearing officer heard the case. *See, e.g.*, *B.G. v. Bd. of Educ. of City of Chicago*, 901 F.3d 903, 908–09 (7th Cir. 2018); *D.D-S. v. Southold Union Free Sch. Dist.*, No. 09–CV–5026(JS)(WDW), 2011 WL 3919040, at *7–8 (E.D.N.Y. Sept. 2, 2011), *aff'd*, 506 F. App'x 80 (2d Cir. 2012); *Stanley C. v. M.S.D. of Sw. Allen Cnty. Schs.*, No. 1:07-CV-169-PRC, 2008 WL 11504542, at *5–6 (N.D. Ind. Apr. 21, 2008); *A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d 152, 170–72 (D. Conn. 2006). A.W. has not met her burden to show that a different result is warranted here.

## CONCLUSION

It is **ORDERED** that the motion to admit evidence, Dkt. 11, is **DENIED**.

So **ORDERED** and **SIGNED** this 25th day of August, 2026.

Bill Davis
United States Magistrate Judge